## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Dr. Tuhin Chaudhuri,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. SA12CA0511-OG** |
| | ) | |
| **Eric Shinseki,** | ) | |
| **Secretary, United States, Department** | ) | |
| **Of Veterans Affairs,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT[1]

TO THE HONORABLE ORLANDO GARCIA, UNITED STATE DISTRICT JUDGE:

NOW COMES Defendant Eric Shinseki, in his official capacity as Secretary of the

United States Department of Veterans Affairs ("Defendant"), and for his Answer to Plaintiff's

Complaint, states as follows:

1.      Defendant denies the allegations in paragraph 1 of Plaintiff's Complaint.

2.      Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3.      Defendant denies the allegations in paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations in paragraph 5 of Plaintiff's Complaint.

6.      Defendant denies the allegations in paragraph 6 of Plaintiff's Complaint.

7.      Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations in paragraph 8 of Plaintiff's Complaint.

---

[1] Although it is titled, "First Amended Civil Complaint for Equitable and Monetary Relief and Demand for Jury," Plaintiff's filing is really his original Complaint.  (Document No. 1.)

9.    Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint.

10.   Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11.   Defendant denies the allegations in paragraph 11 of Plaintiff's Complaint.

12.   Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint.

13.   Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint.

14.   Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15.   Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16.   Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17.   Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18.   Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 18 of Plaintiff's Complaint.

19.   In response to paragraph 19 of Plaintiff's Complaint, Defendant admits that Eric Shinseki is the Secretary of the U.S. Department of Veterans Affairs. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in paragraph 19 of Plaintiff's Complaint.

20.   In response to paragraph 20 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this action under the ADEA and the "Civil Rights Act of 1964." Further answering, Defendant admits that the Court has jurisdiction, if at all, under 28 U.S.C. § 1331 on some of Plaintiff's claims.[2] The issue of subject-matter jurisdiction is solely for the Court's determination.

21.   Defendant admits the allegations in paragraph 21 of Plaintiff's Complaint.

---

[2] Subject-matter jurisdiction cannot be waived. FED.R.CIV.P. 12(h)(3).

22.    In response to paragraph 22 of Plaintiff's Complaint, Defendant admits that Plaintiff filed a formal EEO Complaint on or about August 6, 2010, but denies the remaining allegations.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 23 of Plaintiff's Complaint.

24.    Defendant admits the allegations in paragraph 24 of Plaintiff's Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 25 of Plaintiff's Complaint.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 26 of Plaintiff's Complaint.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 27 of Plaintiff's Complaint.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 28 of Plaintiff's Complaint.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 29 of Plaintiff's Complaint.

30.    Defendant admits the allegations in paragraph 30 of Plaintiff's Complaint.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 31 of Plaintiff's Complaint.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 32 of Plaintiff's Complaint.

33.     In response to paragraph 33 of Plaintiff's Complaint, Defendant admits that on

January 12, 2012 Defendant consolidated the Nuclear Medicine Service and the Radiology

Service to create the Imaging Services Service, but denies the remaining allegations.

34.     Defendant admits the allegations in paragraph 34 of Plaintiff's Complaint.

35.     In response to paragraph 35 of Plaintiff's Complaint, Defendant admits that Dr.

Nicholas Walsh is Caucasian, but denies the remaining allegations.

36.     Defendant admits the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Defendant admits the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of, and therefore denies, the allegations in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41.     In response to paragraph 41 of Plaintiff's Complaint, Defendant admits that Dr.

Calvin Leuschen is White, but denies the remaining allegations.

42.     Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43.     Defendant admits the allegations in paragraph 43 of Plaintiff's Complaint.

44.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of, and therefore denies, the allegations in paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of, and therefore denies, the allegations in paragraph 46 of Plaintiff's Complaint.

4

47.     In response to paragraph 47 of Plaintiff's Complaint, Defendant admits that Plaintiff was named a Staff Physician after the Nuclear Medicine Service was realigned under the Imaging Services Service, but denies the remaining allegations.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 51 of Plaintiff's Complaint.

52.     In response to paragraph 52 of Plaintiff's Complaint, Defendant admits that Plaintiff contacted Defendant's EEO office on or about April 23, 2010. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations in paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations in paragraph 54 of Plaintiff's Complaint. Further answering, Defendant admits that Plaintiff did work on call as a Staff Physician.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 55 of Plaintiff's Complaint.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 56 of Plaintiff's Complaint.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 57 of Plaintiff's Complaint.

5

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 58 of Plaintiff's Complaint

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 59 of Plaintiff's Complaint.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 60 of Plaintiff's Complaint. Further answering, Defendant admits that fee service providers were paid to work call prior to the realignment of the Nuclear Medicine Service under the Imaging Services Service.

61.     In response to paragraph 61 of Plaintiff's Complaint, Defendant admits that Plaintiff applied for the Nuclear Medicine Section Chief position, but is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations.

62.     Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64.     In response to paragraph 64 of Plaintiff's Complaint, Defendant admits that the VA selected Dr. Daniel Duffy as the Nuclear Medicine Section Chief, but denies the remaining allegations.

65.     Defendant denies the allegations in paragraph 65 of Plaintiff's Complaint.

66.     Defendant admits the allegations in paragraph 66 of Plaintiff's Complaint.

67.     In response to paragraph 67 of Plaintiff's Complaint, Defendant admits that radiology certification and experience was considered for the Nuclear Medicine Section Chief position, but denies the remaining allegations.

6

68.     In response to paragraph 68 of Plaintiff's Complaint, Defendant admits that Nuclear Medicine Certification and Experience and Medical Administrative Experience were essential duties of the Nuclear Medicine Section Chief position and that each of those categories received 33.33% of the possible points, but denies the remaining allegations.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 69 of Plaintiff's Complaint.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 70 of Plaintiff's Complaint regarding his "extensive" teaching experience. Further answering, Defendant denies the remaining allegations in paragraph 70 of Plaintiff's Complaint.

71.     Defendant admits that Plaintiff did not receive any points in the Radiology Certification and Experience category, but is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in paragraph 71 of Plaintiff's Complaint.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 72 of Plaintiff's Complaint.

73.     Defendant admits that Dr. Duffy reported to work in January 2011, but is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in the first sentence of paragraph 73 of Plaintiff's Complaint. Further answering, Defendant denies the allegations in the second sentence of paragraph 73 of Plaintiff's Complaint.

74.     In response to paragraph 74 of Plaintiff's Complaint, Defendant denies that Dr. Duffy harassed Plaintiff regarding Plaintiff's sick leave usage. Further answering, Defendant

7

admits that Plaintiff received a letter of counseling in September 2011 due to Plaintiff's unscheduled sick leave usage, but is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in paragraph 74 of Plaintiff's Complaint.

75.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 75 of Plaintiff's Complaint.

76.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 76 of Plaintiff's Complaint.

77.     In response to paragraph 77 of Plaintiff's Complaint, Defendant admits that as a result of Plaintiff's pattern of unscheduled sick leave usage Dr. Duffy issued him a notice in October 2011 requiring that Plaintiff furnish a medical certification or other form of medical certificate from his health care provider for any period of absence due to illness. Further answering, Defendant denies the remaining allegations in paragraph 77 of Plaintiff's Complaint.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 78 of Plaintiff's Complaint.

79.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 79 of Plaintiff's Complaint.

80.     In response to paragraph 80 of Plaintiff's Complaint, Defendant admits that on or about November 15, 2011 Plaintiff was informed that a review would be conducted of his clinical privileges due to concerns regarding his professional conduct and competence. Further answering, Defendant denies the remaining allegations in paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations in paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations in paragraph 82 of Plaintiff's Complaint.

8

83.     In response to paragraph 83 of Plaintiff's Complaint, Defendant admits that Plaintiff was placed on summary suspension on or about January 12, 2012 and that his medical privileges were suspended, but denies the remaining allegations.

84.     In response to paragraph 84 of Plaintiff's Complaint, Defendant admits that Plaintiff was on summary suspension for more than 30 days, but denies the remaining allegations.  Further answering, Plaintiff requested an extension of time in which to respond to the notice of summary suspension.

85.     Defendant admits the allegations in paragraph 85 of Plaintiff's Complaint.

86.     Defendant denies the allegations in paragraph 86 of Plaintiff's Complaint.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in the first sentence of paragraph 87 of Plaintiff's Complaint.  Further answering, Defendant denies the allegations in the second sentence of paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations in paragraph 88 of Plaintiff's Complaint.

89.     In response to paragraph 89 of Plaintiff's Complaint, Defendant admits that the VA proposed Plaintiff's removal due to substandard patient care, that Defendant reviewed over two hundred (200) imaging reports read by Plaintiff between November 17, 2011 and January 9, 2012, and that Defendant conducted additional reviews beyond those 200, but denies the remaining allegations.

90.     Defendant denies the allegations in the first sentence of paragraph 90 of Plaintiff's Complaint.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the remaining allegations in paragraph 90 of Plaintiff's Complaint.

91. In response to paragraph 91 of Plaintiff's Complaint, Defendant admits that Plaintiff submitted a response to his proposed removal and revocation of clinical privileges, but denies the remaining allegations.

92. Defendant denies the allegations in paragraph 92 of Plaintiff's Complaint.

93. Defendant denies the allegations in paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations in paragraph 94 of Plaintiff's Complaint.

95. In response to paragraph 95 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-94 of this Answer as if fully rewritten herein.

96. Defendant denies the allegations in paragraph 96 of Plaintiff's Complaint

97. Defendant admits the allegations in paragraph 97 of Plaintiff's Complaint.

98. Defendant denies the allegations in paragraph 98 of Plaintiff's Complaint.

99. Defendant denies the allegations in paragraph 99 of Plaintiff's Complaint.

100. Defendant denies the allegations in paragraph 100 of Plaintiff's Complaint.

101. In response to paragraph 101 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

102. In response to paragraph 102 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-101 of this Answer as if fully rewritten herein.

103. Defendant denies the allegations in paragraph 103 of Plaintiff's Complaint.

104. Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 104 of Plaintiff's Complaint.

105. Defendant denies the allegations in paragraph 105 of Plaintiff's Complaint.

10

106.    Defendant denies the allegations in paragraph 106 of Plaintiff's Complaint.

107.    Defendant denies the allegations in paragraph 107 of Plaintiff's Complaint.

108.    In response to paragraph 108 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

109.    In response to paragraph 109 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-108 of this Answer as if fully rewritten herein.

110.    Defendant denies the allegations in paragraph 110 of Plaintiff's Complaint.

111.    Defendant admits the allegations in paragraph 111 of Plaintiff's Complaint.

112.    Defendant denies the allegations in paragraph 112 of Plaintiff's Complaint.

113.    Defendant denies the allegations in paragraph 113 of Plaintiff's Complaint.

114.    Defendant denies the allegations in paragraph 114 of Plaintiff's Complaint.

115.    In response to paragraph 115 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

116.    In response to paragraph 116 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-115 of this Answer as if fully rewritten herein.

117.    Defendant denies the allegations in paragraph 117 of Plaintiff's Complaint.

118.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 118 of Plaintiff's Complaint.

119.    Defendant denies the allegations in paragraph 119 of Plaintiff's Complaint.

120.    Defendant denies the allegations in paragraph 120 of Plaintiff's Complaint.

121.    Defendant denies the allegations in paragraph 121 of Plaintiff's Complaint.

122. In response to paragraph 122 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

123. In response to paragraph 123 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-122 of this Answer as if fully rewritten herein.

124. Defendant denies the allegations in paragraph 124 of Plaintiff's Complaint.

125. Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 125 of Plaintiff's Complaint.

126. Defendant denies the allegations in paragraph 126 of Plaintiff's Complaint.

127. Defendant denies the allegations in paragraph 127 of Plaintiff's Complaint.

128. Defendant denies the allegations in paragraph 128 of Plaintiff's Complaint.

129. In response to paragraph 129 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

130. In response to paragraph 130 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-129 of this Answer as if fully rewritten herein.

131. Defendant denies the allegations in paragraph 131 of Plaintiff's Complaint.

132. Defendant admits the allegations in paragraph 132 of Plaintiff's Complaint.

133. Defendant denies the allegations in paragraph 133 of Plaintiff's Complaint.

134. Defendant denies the allegations in paragraph 134 of Plaintiff's Complaint.

135. Defendant denies the allegations in paragraph 135 of Plaintiff's Complaint.

136. In response to paragraph 136 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

137.    In response to paragraph 137 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-136 of this Answer as if fully rewritten herein.

138.    Defendant denies the allegations in paragraph 138 of Plaintiff's Complaint.

139.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 139 of Plaintiff's Complaint.

140.    Defendant denies the allegations in paragraph 140 of Plaintiff's Complaint.

141.    Defendant denies the allegations in paragraph 141 of Plaintiff's Complaint.

142.    Defendant denies the allegations in paragraph 142 of Plaintiff's Complaint.

143.    In response to paragraph 143 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

144.    In response to paragraph 144 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-143 of this Answer as if fully rewritten herein.

145.    Defendant denies the allegations in paragraph 145 of Plaintiff's Complaint.

146.    Defendant admits the allegations in paragraph 146 of Plaintiff's Complaint.

147.    Defendant denies the allegations in paragraph 147 of Plaintiff's Complaint.

148.    Defendant denies the allegations in paragraph 148 of Plaintiff's Complaint.

149.    Defendant denies the allegations in paragraph 149 of Plaintiff's Complaint.

150.    In response to paragraph 150 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

151.    In response to paragraph 151 of Plaintiff's Complaint, Defendant hereby

incorporates by reference his responses to paragraph 1-150 of this Answer as if fully rewritten

herein.

152.    Defendant denies the allegations in paragraph 152 of Plaintiff's Complaint.

153.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of, and therefore denies, the allegations in paragraph 153 of Plaintiff's Complaint.

154.    Defendant denies the allegations in paragraph 154 of Plaintiff's Complaint.

155.    Defendant denies the allegations in paragraph 155 of Plaintiff's Complaint.

156.    Defendant denies the allegations in paragraph 156 of Plaintiff's Complaint.

157.    In response to paragraph 157 of Plaintiff's Complaint, Defendant denies that

Plaintiff is entitled to the requested relief and to any other form of relief.

158.    In response to paragraph 158 of Plaintiff's Complaint, Defendant hereby

incorporates by reference his responses to paragraph 1-157 of this Answer as if fully rewritten

herein.

159.    Defendant denies the allegations in paragraph 159 of Plaintiff's Complaint.

160.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of, and therefore denies, the allegations in paragraph 160 of Plaintiff's Complaint.

161.    Defendant denies the allegations in paragraph 161 of Plaintiff's Complaint.

162.    Defendant denies the allegations in paragraph 162 of Plaintiff's Complaint.

163.    Defendant denies the allegations in paragraph 163 of Plaintiff's Complaint.

164.    In response to paragraph 164 of Plaintiff's Complaint, Defendant denies that

Plaintiff is entitled to the requested relief and to any other form of relief.

14

165.    In response to paragraph 165 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-164 of this Answer as if fully rewritten herein.

166.    Defendant denies the allegations in paragraph 166 of Plaintiff's Complaint.

167.    Defendant admits the allegations in paragraph 167 of Plaintiff's Complaint.

168.    Defendant denies the allegations in paragraph 168 of Plaintiff's Complaint.

169.    Defendant denies the allegations in paragraph 169 of Plaintiff's Complaint.

170.    Defendant denies the allegations in paragraph 170 of Plaintiff's Complaint.

171.    In response to paragraph 171 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

172.    In response to paragraph 172 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-171 of this Answer as if fully rewritten herein.

173.    Defendant denies the allegations in paragraph 173 of Plaintiff's Complaint.

174.    Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 174 of Plaintiff's Complaint.

175.    Defendant denies the allegations in paragraph 175 of Plaintiff's Complaint.

176.    Defendant denies the allegations in paragraph 176 of Plaintiff's Complaint.

177.    Defendant denies the allegations in paragraph 177 of Plaintiff's Complaint.

178.    In response to paragraph 178 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

179.     In response to paragraph 179 of Plaintiff's Complaint, Defendant hereby

incorporates by reference his responses to paragraph 1-178 of this Answer as if fully rewritten

herein.

180.     Defendant denies the allegations in paragraph 180 of Plaintiff's Complaint.

181.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of, and therefore denies, the allegations in paragraph 181 of Plaintiff's Complaint.

182.     Defendant denies the allegations in paragraph 182 of Plaintiff's Complaint.

183.     Defendant denies the allegations in paragraph 183 of Plaintiff's Complaint.

184.     Defendant denies the allegations in paragraph 184 of Plaintiff's Complaint.

185.     In response to paragraph 185 of Plaintiff's Complaint, Defendant denies that

Plaintiff is entitled to the requested relief and to any other form of relief.

186.     In response to paragraph 186 of Plaintiff's Complaint, Defendant hereby

incorporates by reference his responses to paragraph 1-185 of this Answer as if fully rewritten

herein.

187.     Defendant denies the allegations in paragraph 187 of Plaintiff's Complaint.

188.     Defendant admits the allegations in paragraph 188 of Plaintiff's Complaint.

189.     Defendant denies the allegations in paragraph 189 of Plaintiff's Complaint.

190.     Defendant denies the allegations in paragraph 190 of Plaintiff's Complaint.

191.     Defendant denies the allegations in paragraph 191 of Plaintiff's Complaint.

192.     In response to paragraph 192 of Plaintiff's Complaint, Defendant denies that

Plaintiff is entitled to the requested relief and to any other form of relief.

193.     In response to paragraph 193 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-192 of this Answer as if fully rewritten herein.

194.     Defendant denies the allegations in paragraph 194 of Plaintiff's Complaint.

195.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 195 of Plaintiff's Complaint.

196.     Defendant denies the allegations in paragraph 196 of Plaintiff's Complaint.

197.     Defendant denies the allegations in paragraph 197 of Plaintiff's Complaint.

198.     Defendant denies the allegations in paragraph 198 of Plaintiff's Complaint.

199.     In response to paragraph 199 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

200.     In response to paragraph 200 of Plaintiff's Complaint, Defendant hereby incorporates by reference his responses to paragraph 1-199 of this Answer as if fully rewritten herein.

201.     Defendant denies the allegations in paragraph 201 of Plaintiff's Complaint.

202.     Defendant is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 202 of Plaintiff's Complaint.

203.     Defendant denies the allegations in paragraph 203 of Plaintiff's Complaint.

204.     Defendant denies the allegations in paragraph 204 of Plaintiff's Complaint.

205.     Defendant denies the allegations in paragraph 205 of Plaintiff's Complaint.

206.     In response to paragraph 206 of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the requested relief and to any other form of relief.

207.    Defendant denies each and every allegation in Plaintiff's Complaint that has not been specifically admitted in this Answer.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, and/or to any other type of relief.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint, in whole or in part, fails to state any claims upon which relief may be granted.

2.    All of Defendant's actions taken with respect to Plaintiff's employment were motivated by legitimate and nondiscriminatory/nonretaliatory reasons.

3.    Upon information and belief, Plaintiff has failed to mitigate his damages, if any.

4.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.    Plaintiff's claims are barred, in whole or in part, by his failure to timely exhaust administrative remedies.

6.    To the extent Plaintiff's Complaint seeks relief not allowed under existing law, Plaintiff's claims are barred, in whole or in part, by the sovereign immunity doctrine.

7.    To the extent Plaintiff tries to raise a harassment claim during the course of this litigation, Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

8.    Plaintiff's damages are limited by 42 U.S.C. § 1981a.

9.    Upon information and belief, Plaintiff's own acts/omissions caused any injuries and damages allegedly suffered by Plaintiff.

18

10.     Even if Plaintiff can prove (which he cannot) that a protected characteristic was a

motivating factor for any challenged action at issue, Defendant would have taken the same action

in the absence of the alleged impermissible motivating factor.

11.     Defendant had good cause, as that term is defined in 29 U.S.C. § 623(f)(3), for the

challenged actions at issue.

12.     Plaintiff is not entitled to any compensatory damages or attorney's fees for his

claims under the ADEA.

13.     Plaintiff is not entitled to a jury trial for his claims under the ADEA.

14.     Plaintiff's retirement limits his claim for back pay and front pay.

Defendant reserves the right to add additional defenses as further investigation of the

facts may warrant.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed, that the

Court enter a final judgment in favor of Defendant on all of Plaintiff's claims, that it award

Defendant his costs, and that the Court grant such other and further relief as may be proper.

Dated:  September $\underline{10}$, 2012               Respectfully submitted,

**ROBERT PITMAN**
United States Attorney

By:     Joseph C. Rodriguez
        **JOSEPH C. RODRIGUEZ**
        Assistant United States Attorney
        601 NW Loop 410, Suite 600
        San Antonio, Texas  78216-5597
        Ohio Bar No. 0072958
        joe.rodriguez@usdoj.gov
        Tel.  (210) 384-7305
        Fax. (210) 384-7312
        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this _10_ day of September 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: David L. Scher and R. Scott Oswald, The Employment Law Group, P.C., 888 17th Street, NW, Suite 900, Washington., D.C. 20006; and

Michael L. Gayler, Law Office of Michael L. Gayler PLLC, Independence Plaza III, 14310 Northbrook, Suite 260, San Antonio, TX 78232.

Joseph C. Rodriguez
**JOSEPH C. RODRIGUEZ**
**Assistant United States Attorney**