# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| TUHIN CHAUDHURI | ) | |
|  | ) | |
| *Plaintiff,* | ) | |
|  | ) | |
| v. | ) | Civil Action No. |
|  | ) | **5:12-cv-00511-OLG** |
| ERIC SHINSEKI, | ) | |
|  | ) | |
| *Defendant.* | ) | |
|  | ) | |

## PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tuhin Chaudhuri ("Plaintiff" or "Dr. Chaudhuri"), by and through counsel, files these Objections to the Report and Recommendations of the United States Magistrate Judge (referred to hereinafter as "the Report") (Docket No. 33), pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  Plaintiff opposes Defendant's Motion to Dismiss or for Summary Judgment, and asserts again that the Plaintiff's Motion to Amend should be granted.  However, should this Court decide to dismiss counts 11-16, it should dismiss those claims <u>without prejudice</u> and remand the pertinent claims to the Department of Veterans Affairs ("VA") Equal Employment Opportunity ("EEO") office for further proceedings as dismissal with prejudice would deny Plaintiff due process of those claims.  As such, the Defendant's Motion to Dismiss or For Summary Judgment should be denied, Plaintiff's Motion for Leave to File a First Amended Complaint should be granted, and in the alternative counts 11-16 should be dismissed

without prejudice and the claims should be remanded to the VA EEO office for further proceedings.

## OBJECTIONS TO RECOMMENDATION NO. 1.

 Plaintiff objects to the Report in that it recommends this Court dismiss counts 11-16. Specifically, Plaintiff objects to the Magistrate Judge addressing events in counts 11 – 16 as two separate adverse actions that would require separate exhausted EEO actions. *See* Docket No. 22 at 39.  The Magistrate erroneously ignores the contention by Plaintiff that these counts are part of a single whole adverse action that commenced in March 2012 and culminated in May 2012 for which Dr. Chaudhuri sought relief in his May 14, 2012, and May 19, 2012, claims to the EEO. Plaintiff's claim before the EEO was based not only on the notice of proposed removal and revocation that Dr. Chaudhuri received on March 29, 2012, as this was merely a notice of a possible action.  It was not until May, 14, 2012 that the VA notified Dr. Chaudhuri that it would remove him, and only on May, 19, 2012, that he was to be actually removed.  To require Dr. Chaudhuri to file anticipatory EEO claims within 45 days of actions that might later become part of a related adverse action is to allow the VA to avoid such claims by simply spacing out the actions to their advantage.

Plaintiff objects to the Magistrate Judge's characterization that "Dr. Chaudhuri presents no authority establishing the 45-day period to initiate EEO counseling for claims based on proposed adverse employment actions, if such claims are viable, is tolled until the proposed action actually occurs."  Docket No. 33 at 40.  This is untrue.  Plaintiff clearly argues based on *Gupta v. East Texas State. Univ.*, 654 F.2d 411 (5th Cir. 1981), the continuing nature of the violation should allow Dr. Chaudhuri to connect the two events, the proposal for removal and revocation of privileges and the actual removal and revocation of privileges.  *See* Docket No. 22

at 10 – 11.  Although the Magistrate Judge argues that *Gupta* should not apply, Plaintiff maintains that this is the controlling law that should be applied in this case, in that "it is the nature of retaliation claims that they arise after the filing of the EEOC charge . . . and requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case, a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII."  654 F.2d at 414. Plaintiff maintains that the facts surrounding Dr. Chaudhuri's claims are consistent with the policy goals behind *Gupta* that "[r]equiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII."  *Id.*  As such, this Court should reconsider the Report and dismiss Defendant's Motion to Dismiss or for Summary Judgment.

Plaintiff further objects to the Magistrate Judge's report that recommends this Court dismiss claims 11 – 16 with prejudice.  If this Court decides over Plaintiff's objections above to dismiss the claims, it should do so without prejudice and remand the claims back to the VA's EEO office for further proceedings.  Because the EEOC dismissed Dr. Chaudhuri's claims based on a procedural consideration, and did not make a decision on the merits of Dr. Chaudhuri's claims, those claims can and should be remanded back to the EEO office where the claims should be reopened for further proceedings.  *See Herron v. Dep't of Agric.*, EEOC Appeal No. 07A40069, 2004 WL 933340 (April 20, 2004) (Commission's dismissal of a complaint per 29 C.F.R. § 1614.409 was not a decision on the merits, thus warranting dismissal without prejudice which permits reinstatement of a complaint and availability of the administrative process at a later date); *Brown v. U.S. Postal Serv.*, EEOC DOC 01904022, 1990 WL 1110462 (Dec. 31,

1990) (When dismissal of an EEO complaint is based only on a procedural consideration, the administrative forum can be reopened and the complaint remanded for processing).

## OBJECTIONS TO RECOMMENDATION NO. 2

Plaintiff objects to the Magistrate Judge's report that recommends this Court deny Plaintiff's Motion for Leave to File a First Amended Complaint.  Specifically, Plaintiff objects to the proposition that the factual allegations added in the First Amended Complaint regarding Dr. Chaudhuri's filing his EEO complaint on July 19, 2012, and the VA's dismissal of his complaint on August 30, 2012, do not remedy the jurisdictional defects discussed earlier in the Report. Docket No. 33 at 56.  The first amended complaint does in fact remedy the jurisdictional defects with relation to claims 11 – 16, in light of the VA's issuing a "right-to-sue" letter.  In fact, Plaintiff's amending the complaint to include facts related to the VA's "right-to-sue" letter is consistent with the law in this circuit and with the VA's regulations.  To deny the complaint as amended and also dismiss the claims with prejudice would entirely deprive Dr. Chaudhuri of due process on those claims.

As Plaintiff argued in the Reply in Support of Motion for Leave to File First Amended Complaint, amending the complaint to include a "right-to-sue" notice is the proper procedure that remedies the defect in claims 11 – 16 identified in Defendant's Motion to Dismiss or for Summary Judgment.  *See* Document 18.  However, as held in this circuit, an EEO dismissal or "right-to-sue" notice is "a condition precedent to a Title VII claim rather than a jurisdictional prerequisite, and that here receipt of the letters by appellants prior to dismissal of their Title VII claims cured their failure to initially satisfy the condition precedent."  *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1215 (5th Cir. 1982).  Accordingly, Plaintiff's

act to amend the Complaint to include the remedying "right-to-sue" notice is both consistent with the law of this circuit and the letter Defendant's own EEO office issued to Plaintiff dismissing his claims and ordering him to file a complaint in Federal Court within ninety days.  If this Court refuses to accept the First Amended Complaint, and dismisses the claims with prejudice, Dr. Chaudhuri would be entirely barred from any relief.  This Court should grant the Motion for Leave to File the First Amended Complaint.

With regard to claims 17 through 22, Plaintiff objects that the Magistrate relates these claims to the VA's dismissal dated June 18, 2012, as these claims relate to the Notice of Final Agency Decision dated August 30, 2012 (included here as Exhibit 1).  As these claims relate to an August 30, 2012, letter that gives a separate right to file a civil action within 90 days, and are embraced by Plaintiff's EEO complaint, Plaintiff complied with the stated time requirements and should be allowed to bring these claims before the Court in the First Amended Complaint.

**<u>CONCLUSION</u>**

In conclusion, Plaintiff raises specific objections to the Magistrate's reports in that the Motion to Dismiss or for Summary Judgment should be denied, and Plaintiff should be granted leave to file the First Amended Complaint.  In the interest of justice, claims 11 – 16 can be preserved by allowing the First Amended Complaint, which remedies the defects to those claims raised in the Motion to Dismiss.  However, should the Court decide that claims 11 – 16 should be dismissed, they should only be dismissed without prejudice, with a specific order that the EEO re-open those claims for further proceedings.

Dated:  January 17, 2013        By:      _/s/ David L. Scher_____

R. Scott Oswald, admitted *pro hac vice*
David L. Scher, admitted *pro hac vice*
The Employment Law Group, P.C.
888 17th St. NW, Suite 900
Washington, D.C. 20006
(202) 261-2802 (telephone)
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
dscher@employmentlawgroup.com

Michael L. Gayler (Bar No. 00795809)
Law Office of Michael L. Gayler PLLC
Independence Plaza III
14310 Northbrook, Suite 260
San Antonio, TX  78232
(210) 495-5180
(210) 495-5170 (facsimile)
mgayler@sbcglobal.net
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 17, 2013, the foregoing Plaintiff's Objections to

the Report and Recommendations of the United States Magistrate Judge was filed electronically

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

U.S. Magistrate Judge Pamela A. Mathy
655 E. Cesar E. Chavez Blvd.
San Antonio, TX 78206

Joseph Rodriguez
Assistant United States Attorney
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216
Joe.Rodriguez@usdoj.gov
*Counsel for Defendant*

Michael L. Gayler (Bar No. 00795809)
Law Office of Michael L. Gayler PLLC
Independence Plaza III
14310 Northbrook, Suite 260
San Antonio, TX  78232
(210) 495-5180
(210) 495-5170 (facsimile)
mgayler@sbcglobal.net
*Counsel for Plaintiff*

_/s/  David Scher_____
R. Scott Oswald, admitted *pro hac vice*
David L. Scher, admitted *pro hac vice*
The Employment Law Group, P.C.
888 17th St. NW, Suite 900
Washington, D.C. 20006
(202) 261-2802 (telephone)
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
dscher@employmentlawgroup.com
*Counsel for Plaintiff*